United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **INSTANT BRANDS (TEXAS) INC.,** | § | **Case No. 23-90714 (DRJ)** |
| Debtor. | § | |
| Tax I.D. No. 93-1752526 | § | |
| **In re:** | § | **Chapter 11** |
| **INSTANT BRANDS ACQUISITION HOLDINGS INC.,** | § | **Case No. 23-90716 (DRJ)** |
| Debtor. | § | |
| Tax I.D. No. 32-0529089 | § | |
| **In re:** | § | **Chapter 11** |
| **INSTANT BRANDS ACQUISITION INTERMEDIATE HOLDINGS INC.,** | § | **Case No. 23-90717 (DRJ)** |
| Debtor. | § | |
| Tax I.D. No. 30-0983303 | § | |
| **In re:** | § | **Chapter 11** |
| **INSTANT BRANDS HOLDINGS INC.,** | § | **Case No. 23-90718 (DRJ)** |
| Debtor. | § | |
| Tax I.D. No. 16-1403318 | § | |
| **In re:** | § | **Chapter 11** |
| **URS-1 (CHARLEROI) LLC,** | § | **Case No. 23-90719 (DRJ)** |
| Debtor. | § | |
| Tax I.D. No. 92-1747347 | § | |

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| INSTANT BRANDS LLC, | § § | Case No. 23-90715 (DRJ) |
| Debtor. | § § | |
| Tax I.D. No. 36-3800566 | § § | |
| In re: | § § § | Chapter 11 |
| URS-2 (CORNING) LLC, | § § | Case No. 23-90720 (DRJ) |
| Debtor. | § § | |
| Tax I.D. No. 92-1758085 | § § | |
| In re: | § § § | Chapter 11 |
| CORELLE BRANDS (LATIN AMERICA) LLC, | § § § | Case No. 23-90721 (DRJ) |
| Debtor. | § § | |
| Tax I.D. No. N/A | § § | |
| In re: | § § § | Chapter 11 |
| EKCO GROUP, LLC, | § § | Case No. 23-90722 (DRJ) |
| Debtor. | § § | |
| Tax I.D. No. 11-2167167 | § § | |
| In re: | § § § | Chapter 11 |
| EKCO HOUSEWARES, INC., | § § | Case No. 23-90723 (DRJ) |
| Debtor. | § § | |
| Tax I.D. No. 36-3320216 | § | |

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **EKCO MANUFACTURING OF OHIO, INC.,** | § § § | **Case No. 23-90724 (DRJ)** |
| Debtor. | § § | |
| Tax I.D. No. 34-1817300 | § § | |
| **In re:** | § § § | **Chapter 11** |
| **CORELLE BRANDS (CANADA) INC.,** | § § § | **Case No. 23-90725 (DRJ)** |
| Debtor. | § § | |
| Tax I.D. No. N/A | § § | |
| **In re:** | § § § | **Chapter 11** |
| **INSTANT BRANDS (CANADA) HOLDING INC.,** | § § § § | **Case No. 23-90726 (DRJ)** |
| Debtor. | § § | |
| Tax I.D. No. N/A | § § | |
| **In re:** | § § § | **Chapter 11** |
| **INSTANT BRANDS INC.,** | § § § | **Case No. 23-90727 (DRJ)** |
| Debtor. | § § | |
| Tax I.D. No. 98-1038272 | § § | |
| **In re:** | § § § | **Chapter 11** |
| **CORELLE BRANDS (GHC) LLC.** | § § § | **Case No. 23-90728 (DRJ)** |
| Debtor. | § § | |
| Tax I.D. No. 41-0919772 | § | |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES
(Docket No. 8)

Upon the emergency motion (the "**Motion**")[1] of Instant Brands Acquisition Holdings Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the Chapter 11 Cases for procedural purposes only, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Hollerbach Declaration; and the Court having determined that the legal and factual bases set forth in the Motion and the Hollerbach Declaration establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-4-

1.  The Court orders that the above referenced cases are jointly administered for procedural purposes only and shall be jointly administered by the Court under the case number assigned to Instant Brands Acquisition Holdings Inc., Case No. 23-90716 (DRJ).  Additionally, the following checked items are ordered:

    a.  ☒  One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

    b.  ☒  Parties may request joint hearings on matters pending in any of the jointly administered cases.

    c.  ☒  Other: See below.

2.  Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors, or the Debtors' estates.

3.  The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **INSTANT BRANDS ACQUISITION HOLDINGS INC.**, *et al.*, | § § § § | **Case No. 23-90716 (DRJ)** |
| **Debtors.**[1] | § § § § | **(Jointly Administered)** |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722).  The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

4. A docket entry shall be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of Instant Brands Acquisition Holdings Inc.) substantially as follows:

An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of Instant Brands Acquisition Holdings Inc., Instant Brands (Texas) Inc., Instant Brands Acquisition Intermediate Holdings Inc., Instant Brands Holdings Inc., URS-1 (Charleroi) LLC, Instant Brands LLC, URS-2 (Corning) LLC, Corelle Brands (Latin America) LLC, EKCO Group, LLC, EKCO Housewares, Inc., EKCO Manufacturing of Ohio, Inc., Corelle Brands (Canada) Inc., Instant Brands (Canada) Holding Inc., Instant Brands Inc., and Corelle Brands (GHC) LLC. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 23-90716 (DRJ).**

5. The requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors is waived.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

7. Any Bankruptcy Rule (including Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

8. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

9.  The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: June 13, 2023.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE